UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12-cv-191-RJC

| | | |
|---|---|---|
| JASON TIMOTHY GETTYS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| KEITH WHITENER, Superintendent of | ) | |
| Alexander Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on Respondent's Motion for Summary Judgment. (Doc. No. 4).

### I. BACKGROUND

Petitioner is a prisoner of the State of North Carolina who, on December 13, 2010, in Burke County Superior Court, was convicted after trial by jury of first-degree murder under the felony murder rule. (Doc. No. 5-2 at 88: Respondent's Exhibit 1). The trial court sentenced Petitioner to a mandatory term of life imprisonment without the possibility of parole. (Id. at 89-90). Petitioner was represented at trial by Mark Killian. (Id. at 89).

Petitioner appealed, and on February 21, 2012, the North Carolina Court of Appeals affirmed Petitioner's conviction in a published opinion. State v. Gettys, __ N.C. App. __, 724 S.E.2d 579 (2012). On April 30, 2012, Petitioner filed a pro se motion for appropriate relief ("MAR") in Burke County Superior Court, alleging that the trial court lacked jurisdiction to try him and his due process rights were violated based on the State's use of a short-form murder indictment that did not allege the elements of felony murder. (Doc. No. 5-6: Respondent's

1

Exhibit 5). Specifically, Petitioner argued that, without alleging those elements, the indictment did not adequately give him notice of the charge against him. (Id. at 5-6).

On May 1, 2012, the MAR Court denied Petitioner's MAR. (Doc. No. 5-7: Respondent's Exhibit 6). The MAR Court concluded that Petitioner's argument had previously been explicitly rejected by the North Carolina Supreme Court in State v. Garcia, 358 N.C. 382, 388, 597 S.E.2d 724, 731-32 (2004), cert. denied, 543 U.S. 1156 (2005), noting that in Garcia the state court observed that "a short-form indictment is sufficient to charge first-degree murder on the basis of felony murder." (Doc. No. 5-7 at 2).

On May 25, 2012, Petitioner filed a pro se petition for writ of certiorari in the North Carolina Court of Appeals seeking review of the denial of his MAR. (Doc. No. 5-8: Respondent's Exhibit 7). The State filed a Response to the Petition for Writ of Certiorari on June 8, 2012. (Doc. No. 5-9: Respondent's Exhibit 8). On June 12, 2012, the North Carolina Court of Appeals denied Petitioner's petition for writ of certiorari. (Doc. No. 5-10: Respondent's Exhibit 9). Petitioner placed the § 2254 petition in the prison mail system on July 20, 2012, and it was stamp-filed in this Court on July 30, 2012.[1]

The North Carolina Court of Appeals summarized the facts from Petitioner's trial as follows:

> Late on the evening of 29 December 2006, James Timothy Gettys ("defendant") returned home. He gave Donna Baker, his girlfriend, some cash, suggesting it was from the paycheck he received and cashed that day. He then told Baker, "I think I killed somebody." He also related that he had hit a man with a rock several times. Defendant contacted the Morganton police and arranged a

---

[1] Respondent filed the pending summary judgment motion on June 5, 2013. On June 12, 2013, the Court issued an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of his obligation to respond to the summary judgment motion. (Doc. No. 6). Petitioner filed a response brief on July 3, 2013. (Doc. No. 7).

2

meeting. Just before midnight, defendant met with Officer James Coward at a gas station. Defendant informed Officer Coward that he thought he might have killed someone during a narcotics dispute. He told Officer Coward where the altercation occurred, and they traveled to that location.

The Morganton police found the body of Steven Drew Snoddy face down in a ditch. A wrecked pickup truck was also at the scene. A chain was attached to Snoddy's trousers that had been connected to his wallet, but his wallet was not there when the police discovered his body. Snoddy's trousers were slightly pulled down.

On 1 February 2007, defendant was indicted for murder. Defendant's trial began on 29 November 2010. The State proceeded under two theories of first-degree murder: (1) premeditation and deliberation and (2) felony murder based upon a robbery. At the close of evidence, the trial court submitted four options to the jury: premeditated and deliberate first-degree murder, first-degree felony murder, second-degree murder, and not guilty. The trial court refused to instruct the jury on voluntary manslaughter as a lesser included offense of first-degree murder.

The evidence presented at trial tended to show that defendant and Snoddy were involved in a physical altercation on the side of the road. Defendant testified at trial that, in the course of the fight, he struck Snoddy three or four times in the head with a rock. He claimed that he had no plans to harm Snoddy before they got into the altercation. He also denied taking Snoddy's wallet. The jury found defendant guilty of first-degree murder under the felony murder rule but not guilty of premeditated and deliberate first-degree murder. Defendant was sentenced to life imprisonment without the possibility of parole. .

Gettys, __ N.C. App. at __, 724 S.E.2d at 582.

Petitioner raises the following two grounds for relief in his § 2254 petition: (1) the State violated his due process rights by not giving him notice of the charge underlying his felony murder conviction, that charge being robbery with a dangerous weapon (armed robbery); and (2) the State violated his due process rights by failing to include in his indictment that he was being indicted under the felony murder rule or that the crime underlying his felony murder charge was armed robbery.

II.     STANDARD OF REVIEW

A. Summary Judgment Standard

Summary judgment is appropriate in those cases where there is no genuine dispute as to

any material fact, and it appears that the moving party is entitled to judgment as a matter of law. FED. CIV. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

B. Section 2254 Standard

In addition to the motion for summary judgment standard set forth above, this Court must also consider the petition for writ of habeas corpus under the requirements set forth in 28 U.S.C. § 2254. Section 2254(d) provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Tice v. Johnson, 647 F.3d 87, 103 (4th Cir. 2011).

A state court decision is contrary to clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or

"confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at [an opposite result][.]" Williams v. Taylor, 529 U.S. 362, 405 (2000); Lewis v. Wheeler, 609 F.3d 291, 300 (4th Cir. 2010) (quoting Williams, 529 U.S. at 405). A state court unreasonably applies federal law when it "identifies the correct governing legal rule from th[e Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case." Williams, 529 U.S. at 407; Lewis, 609 F.3d at 300-01 (stating that a state court unreasonably applies federal law when it "extends a legal principle from [the Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply[ ]") (internal citation and quotation marks omitted).

"[A]n unreasonable application of federal law is different from an incorrect application of federal law" for § 2254(d)(1) purposes. Williams, 529 U.S. at 410. The former requires a "substantially higher threshold" to obtain relief than does the latter. Schiro v. Landrigan, 550 U.S. 465, 473 (2007). A state court's determination that a claim fails on its merits cannot be overturned by a federal habeas court "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 131 S. Ct. 770, 786 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

A habeas court, therefore, must "determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of th[e Supreme] Court." Richter, 131 S. Ct. at 786. A petitioner has the burden of establishing that the state court decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 786-87.

## III. DISCUSSION

Here, in both of his grounds for relief, Petitioner is alleging that the state court's use of a short-form indictment to indict him for murder, specifically murder on the theory that it was committed during the course of a felony, i.e., armed robbery, violated his due process rights. Petitioner argues that the short-form indictment was inadequate to give him notice of the murder charge against him.

Petitioner raised the substance of Grounds One and Two in his MAR. The MAR Court found Petitioner's grounds for relief meritless, noting that challenges to North Carolina's short-form murder indictment have been consistently rejected. The MAR Court's adjudication was neither contrary to nor an unreasonable application of clearly established Supreme Court law, nor was it an unreasonable determination of the facts in light of the evidence presented in the trial court. As Respondent notes, North Carolina's short-form murder indictment has repeatedly been upheld as constitutionally sufficient to support first-degree and second-degree murder. See Stroud v. Polk, 466 F.3d 291 (4th Cir. 2006) (short-form murder indictment sufficient to charge first-degree murder even though all specific essential elements not listed), cert. denied, 551 U.S. 1134 (2007); Allen v. Lee, 366 F.3d 319, 323-24 (4th Cir. 2004) (en banc) (same), cert. denied, 543 U.S. 906 (2004); Hartman v. Lee, 283 F.3d 190 (4th Cir. 2002) (same), cert. denied, 537 U.S. 1114 (2003). In sum, Petitioner's grounds for relief are both without merit, and the Court will, therefore, dismiss the petition.

## IV. CONCLUSION

For the reasons stated herein, Respondent is entitled to summary judgment.

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion for Summary Judgment, (Doc. No. 4), is **GRANTED** and

the Section 2254 petition is dismissed with prejudice.

2. It is further ordered that, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: August 19, 2013

Robert J. Conrad, Jr.
United States District Judge